UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURL EVANS,<br><br>    Plaintiff,<br><br>    v.<br><br>ROB BONTA, et al.,<br><br>    Defendants. | Case No. 22-cv-01726-DMR (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

### I. INTRODUCTION

Plaintiff, who is currently in custody at Napa State Hospital, filed the instant *pro se* civil rights action. He has paid the full filing fee.

Plaintiff has filed a completed a civil rights complaint form pursuant to 42 U.S.C. § 1983, in which he names the following defendants: California Attorney General Rob Bonta; Deputy Public Defender Cecily Grey; Chief District Attorney Kevin Bell; Contra Costa County Sheriff's Deputies; and "Does 2-4." Dkt. 1 at 1-2. Plaintiff claims that this court has "jurisdiction over this action pursuant to: 42 U.S.C. [§] 1983; municipal liability lawsuit, pursuant to *Monell* [*v. Dep't of Social Servs.*, 436 U.S. 658 (1978);] *City of Canton* [*v. Harris*, 489 U.S. 378 (1989) . . . ; failure to train and supervise." *Id.* at 1. He adds that the "[i]nstitution/city where the violation occurred" was "Contra Costa County Jail, Martinez." *Id.* He states under the "Cause of Action" section that the "constitutional or other federal civil right that was violated" are as follows: Claim I: "False Imprisonment, Violation of Due Process [and] Equal Protection"; Claim II: "Ineffective Assistance of Counsel, Speedy Trial Rights"; and Claim III: "Ineffective Assistance of Counsel, Invalid Search Warrant." *Id.* at 3-5. Under the "Request for Relief" section, plaintiff states as follows:

> 1. Declaratory Relief, Order to show cause why new trial should not be conducted.
>
> 2. Order compensation for time served past release date at standard rate [of] $155.00 daily.
>
> 3. If concluded that the plaintiff's constitutional right to a fair trial w[as] violated and it's overturned with prejudice that he be compensated for his false imprisonment at $55,000.000.00.

*Id.* at 6.

First, the court points out that Plaintiff's handwriting is difficult to decipher. More importantly, however, it is unclear whether plaintiff is trying to allege claims dealing with the conditions of his confinement or whether he is challenging his criminal conviction/the execution of his sentence. As such, the court cannot fairly evaluate the complaint in its present state, nor can the court be certain whether plaintiff meant to file a complaint or a 28 U.S.C. § 2254 petition instead.

The court will dismiss the complaint with leave to amend in order to allow plaintiff an opportunity to file either a proper 28 U.S.C. § 2254 petition on the enclosed habeas form or a proper amended complaint on the enclosed civil rights form, as further explained below.

## II. DISCUSSION

### A. Habeas Petition

If plaintiff chooses to file a 28 U.S.C. § 2254 petition, he must clearly state his grounds for relief and whether he is challenging his criminal conviction or the execution of his sentence. He must also set out how he has exhausted his claims; that is, the specific actions he undertook to present his claims to the highest state court available (i.e., the Supreme Court of California).

In addition, plaintiff must name a proper respondent if he files a habeas petition. The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

### B. Civil Rights Complaint

#### 1. Identifying/Linking Defendants

Should plaintiff choose to proceed with this action as a 42 U.S.C. § 1983 civil rights complaint, he must name as defendants each person who caused a violation of his constitutional rights and explain what each person did to cause the violation. Liability under section 1983 arises only upon a showing of personal participation by the defendant. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). There is no respondeat superior liability under section 1983, i.e., no liability under the theory that a supervisor is responsible for the actions or omissions of his or her subordinate. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under section 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

The court further adds that "the Supreme Court has determined that certain government officials require absolute immunity from liability in order to enable them to function independently and effectively, without fear of intimidation or harassment. Accordingly, the court has granted absolute immunity to . . . judges, prosecutors, . . . and officials performing quasijudicial functions." *Fry v. Melaragno*, 939 F.2d 832, 835–36 (9th Cir. 1991) (internal quotation marks, citations, and footnote omitted) (government lawyers absolutely immune for actions "intimately" or "closely" associated with judicial process). Specifically, prosecutors are absolutely immune from liability under section 1983 when engaged in initiating a prosecution or presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *accord Buckley v. Fitzsimmons*, 113 S. Ct. 2606, 2615 (1993). Here, the court concludes that defendant Bell's prosecution of plaintiff would have likely consisted of acts that are "intimately associated" with the judicial process. Therefore, defendant Bell would be entitled to absolute immunity for his actions in plaintiff's underlying state criminal action. *Fry*, 939 F.2d at 837. Therefore, plaintiff's claim against defendant Bell is DISMISSED, but the court notes that such a dismissal is with leave to amend, provided plaintiff can do so in good faith.

Plaintiff's claim against his public defender, Defendant Grey, would likely also be dismissed because a defense attorney does not act under color of state law when performing an

3

attorney's traditional functions.  *Polk County v. Dobson*, 454 U.S. 312, 318-19 (1981).  It does not matter that the defense attorney failed to exercise independent judgment; it is the nature and context of the function performed (or omitted) by that attorney that is determinative under *Polk County*.  *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc).  The court notes that such a dismissal of Plaintiff's claim against defendant Grey is also with leave to amend, provided plaintiff can do so in good faith.

Plaintiff has also named Attorney General Bonta as a defendant in this action.  When sued in official and individual capacities, the Ninth Circuit has held that an attorney general or deputy attorney general has absolute immunity, except they "are not immune from any actions that are wholly unrelated to or outside of their official duties."  *Bly–Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001); *see also Fry*, 939 F.2d at 837.  "Whether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or agency hearing, absolute immunity is necessary to assure that ... advocates ... can perform their respective functions without harassment or intimidation."  *Id*. (citation omitted).  Therefore, plaintiff's claim against defendant Bonta is DISMISSED, but again such a dismissal is with leave to amend, provided plaintiff can do so in good faith.

As to the remaining named defendants in the complaint—Contra Costa County Sheriff's Deputies and "Does 2-4"—plaintiff fails to set forth specific facts showing how each of these defendants actually and proximately caused the deprivation of a federally protected right, e.g., plaintiff mentions these defendants in the caption and under the list of defendants section of his complaint, but does not allege how they actually and proximately caused the deprivation of the federally protected rights of which he complains.  *See Leer*, 844 F.2d at 634.  Nor is it clear the mentioned unnamed Contra Costa County Sheriff's Deputies are defendants in this action because plaintiff did not include them in the caption of his complaint.  *See Barsten v. Dep't of the Interior*, 896 F.2d 422, 423-24 (9th Cir. 1990) (plaintiff should be given leave to amend to name intended defendants).  If plaintiff wishes to add any unnamed Contra Costa County Sheriff's Deputies or "Does 2-4" as defendants, then plaintiff must set forth specific facts showing how each of these defendants actually and proximately caused the deprivation of a federally protected right, and

plaintiff must also provide to the court the names of any of these Doe Defendants. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Plaintiff's claims against the Doe Defendants are DISMISSED with leave to amend for plaintiff to provide to the court the names of these Doe Defendants or, if the names are not presently known, to provide specific facts about each Doe Defendant to explain how that person was involved in the deprivation of plaintiff's federally protected rights. Failure to do so will result in dismissal of these Doe Defendants without prejudice to plaintiff filing a new action against him and/or her.

The complaint is dismissed with leave to amend for plaintiff to correct the deficiencies outlined above. He must identify specific defendants and describe how they violated his constitutional rights. If plaintiff seeks relief against the deputy attorney general, the prosecutor, and his public defender, then plaintiff must demonstrate why immunity does not apply, provided he can do so in good faith. Plaintiff should also describe when and where the alleged incidents occurred, i.e., at the jail or at Napa State Hospital, at which he is currently incarcerated.

### 2. Exhaustion of Remedies

Before filing a civil rights complaint, plaintiff must ensure that he has exhausted all of his administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by 1997e(a) is now mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal

standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v. Churner*, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 534 U.S. at 532. The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 94 (2006). The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).

### 3. Filing Fee

The filing fee for a civil rights action is $402.00, and plaintiff has paid this filing fee in full, as mentioned above. Should plaintiff choose to pursue this action as a civil rights case, then nothing more needs to be done because he has paid the full filing fee. However, the court notes that if plaintiff chooses to file this case as a habeas corpus action, then the filing fee would be $5.00.

## III. CONCLUSION

For the reasons outlined above, the court orders as follows:

1. The complaint is DISMISSED with leave to amend within **twenty-eight (28) days** from the filing date of this Order. Plaintiff shall file either an amended complaint on the enclosed complaint form or an amended petition on the enclosed habeas form. **Failure to do so within the twenty-eight-day deadline shall result in dismissal of this action without prejudice.**

2. Plaintiff must write the case number for this action—Case No. 22-cv-01726-DMR (PR)—when his submits his amended pleading. He must clearly state his grounds for relief and whether he is challenging his criminal conviction and sentence, the conditions of his confinement, or the execution of his sentence. **Plaintiff shall take care to write clearly and legibly, so that the court can read what he writes.**

3. If plaintiff chooses to file an amended civil rights action, he must include the words

1  "AMENDED COMPLAINT" on the first page along with the case number for this action—Case

2  No. 22-cv-01726-DMR (PR).  He must complete all portions of the court's civil rights complaint

3  form, a copy of which is enclosed with his copy of this Order.

4        If Plaintiff chooses to file a habeas petition, he must include the words "AMENDED

5  PETITION" on the first page along with the case number for this action—Case No. 22-cv-01726-

6  DMR (PR), and he must complete all portions of the court's habeas form.  Plaintiff, who will from

7  then on be referred to as "petitioner," must also identify a proper respondent for his petition.  The

8  petition shall be on the court's form for habeas petitions, a copy of which is enclosed with

9  plaintiff's copy of this Order.

10        **Again, the failure to file either a completed habeas corpus form or a completed civil**

11  **rights complaint form within the twenty-eight-day deadline shall result in dismissal of this**

12  **action without prejudice.**

13        4.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

14  informed of any change of address and must comply with the court's Orders in a timely fashion.

15  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

16  Federal Rule of Civil Procedure 41(b).

17        5.    The Clerk of the Court shall send plaintiff a blank civil rights complaint form and a

18  blank habeas corpus petition form along with his copy of this Order.

19        IT IS SO ORDERED.

20  Dated: August 29, 2022

                                            DONNA M. RYU
                                            United States Magistrate Judge